UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION at PIKEVILLE**

| | |
|---|---|
| DANNY JOHNSON, | ) |
| Plaintiff, | ) |
| v. | ) Civil Case No. 7:16-96-JMH |
| NANCY A. BERRYHILL[1], Acting Commissioner of Social Security, | ) **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) |

\*\*\*

This matter is before the Court upon the Acting Commissioner's Motion to Dismiss (DE 16) Plaintiff's Complaint in part pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Plaintiff has filed a Response [DE 16], stating her objections to the Motion, and the Acting Commissioner has filed a Reply (DE 20) in further support of her Motion. The Court provided notice to the parties that this Motion would be converted to motions for summary judgment in part and provided the parties with time to respond (DE 21). Plaintiff filed his own Motion for Summary Judgment (DE 26 and 27) and the Acting Commissioner responded (DE 30). Plaintiff did not reply and the time in which to do so has expired. Because there are no disputes regarding the material facts, and because

---

[1] The caption of this matter is amended to reflect that Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin in that role.

1

resolution of the legal issues favor the defendant, for all of the reasons stated below, the Acting Commissioner's Motion will be granted.

## I. BACKGROUND

As Plaintiff averred in his Amended Complaint, he was found entitled to a period of disability and disability insurance benefits and supplemental security income by an administrative law judge (ALJ) on April 4, 2007 (Am. Compl. ¶ 5). The ALJ issued a fully favorable decision without a hearing by relying on evidence from Dr. Frederic Huffnagle (DE 10, Exhibit A: Declaration of Lori President 2, Attachment 1 (President Decl.)). At the time, Plaintiff was represented by Eric C. Conn, an attorney representative (*id.*).

Plaintiff's lawsuit arises out of the redetermination process set forth in sections 205(u) and 1631(e)(7) of the Act. Those sections require SSA to "immediately redetermine" an individual's entitlement to benefits whenever there is "reason to believe that fraud or similar fault was involved in the application of the individual for such benefits," and, in the process, to "disregard any evidence" if there is reason to believe that fraud or similar fault was involved in providing that evidence. 42 U.S.C. §§ 405(u)(1), 1383(e)(7)(A). "If, after redetermining pursuant to this subsection the entitlement of an individual to monthly insurance benefits, the Commissioner of Social Security determines

2

that there is insufficient evidence to support such entitlement, the Commissioner of Social Security may terminate such entitlement and may treat benefits paid on the basis of such insufficient evidence as overpayments." 42 U.S.C. § 405(u)(3);*see also* 42 U.S.C. § 1383(e)(7)(C).

Under the redetermination process, if the case is remanded to an ALJ for a hearing, individuals may submit statements or evidence up to the date of their hearing in support of the original disability determination, regardless of whether the individual previously submitted that evidence to the Appeals Council (AC). Social Security Ruling (SSR) 16-1p, 81 Fed. Reg. 13436 (Mar. 14, 2016). If the ALJ issues a decision finding that an individual was not entitled to benefits at the time he or she was originally awarded benefits, that individual's benefits will then be terminated. The individual may subsequently request review by the AC. *See* 20 C.F.R. §§ 404.967-404.968, 416.1467-416.1468. If the AC issues a decision, that decision will constitute the final agency decision. 20 C.F.R. §§ 404.981, 416.1481. If the AC decides not to review the ALJ's decision, the ALJ's decision will constitute the final agency decision. 20 C.F.R. §§ 404.981, 416.1481. In either situation, a dissatisfied individual may then seek judicial review. 42 U.S.C. §§ 405(g)-(h); *see also id.* § 1383(c)(3).

On May 12, 2015, pursuant to section 1129(l) of the Social Security Act (Act), 42 U.S.C. § 1320a-8(l), SSA OIG informed the agency that there was reason to believe that fraud was involved in the applications for benefits of approximately 1,800 individuals (President Decl. ¶ 3, Attachment 2). Specifically, SSA OIG had reason to believe that Mr. Conn or his firm submitted pre-completed "template" Residual Functional Capacity forms purportedly from Bradley Adkins, Ph.D., Srinivas Ammisetty, M.D., Frederic Huffnagle, M.D., or David P. Herr, D.O., dated between January 2007 and May 2011, in support of the individuals' applications for benefits[2] (*id.*).

Following receipt of this information, SSA was required by statute to redetermine those individuals' entitlement to benefits in accordance with sections 205(u) and 1631(e)(7) of the Act. 42 U.S.C. §§ 405(u) and 1383(e)(7). Plaintiff was one of those individuals. Shortly after SSA OIG's referral, on May 18, 2015, SSA notified Plaintiff that there was reason to believe fraud or similar fault was involved in his application for benefits, and that SSA was required to redetermine his entitlement to benefits

---

[2] 3 Mr. Conn, Dr. Adkins, and former Huntington Hearing Office Administrative Law Judge David Daugherty were charged in an 18-count indictment returned on April 1, 2016 in the U.S. District Court for the Eastern District of Kentucky. *See* Indictment, *U.S. v. Conn, et al.*, 5:16-cr-22 (E.D. Ky. Apr. 1, 2016), ECF No. 1. Mr. Conn is a fugitive with an active arrest warrant out for him [DE 222]. A jury convicted Dr. Adkins and he was sentenced to 300 months imprisonment [DE 267]. ALJ Daugherty pleaded guilty and was sentenced to 48 months in 5:17-cr-66 (E.D. Ky. August 28, 2017), a related case arising out of the same conduct.

under sections 205(u) and 1631(e)(7) and disregard the evidence from Dr. Huffnagle (President Decl. ¶ 4, Attachment 3). SSA invited Plaintiff to submit more evidence or a statement about the facts or law in his case (*id.*). On July 29, 2015, SSA notified Plaintiff that it had considered any evidence submitted along with the other evidence of record, but that there was insufficient evidence to support the prior ALJ's decision (President Decl. ¶ 5, Attachment 4). SSA remanded Plaintiff's case to a new ALJ for a hearing and a new decision (*id.*).

The ALJ conducted a video hearing on November 13, 2015, at which Plaintiff appeared with a representative (President Decl. ¶ 7). After considering the hearing testimony and relevant evidence, the ALJ concluded that there was insufficient evidence in the administrative record to support Plaintiff's original entitlement to benefits (President Decl. ¶ 7, Attachment 5). This decision became the agency's final decision when the Acting Commissioner denied Plaintiff's request for review on March 22, 2016 (President Decl. ¶ 7, Attachment 6).

Plaintiff filed his complaint with this Court on May 21, 2016 (DE 1), and served the Acting Commissioner on May 26, 2016. Plaintiff filed an amended complaint on July 29, 2016 (*see* Am. Compl.).

## II. ANALYSIS

The arguments presented on behalf of Plaintiff and the Acting Commissioner mirror those previously addressed by the Court in *Perkins v. Colvin*, Pikeville Civil Action No. 16-CV-35 (E.D. Ky. December 16, 2016), as well as by my brother Judge Reeves in a series of decisions rendered on November 15, 2016, *see* 0:16-017-DCR, 0:16-061-DCR, 7:16-051-DCR, 7:16-059-DCR, 7:16-068-DCR, 7:16-075-DCR, 7:16-101-DCR, and 7:16-153-DCR, from across the Eastern District of Kentucky. My decision in *Perkins* and those rendered by Judge Reeves clearly explain why we believe no due process error occurred in the redetermination procedure employed by the Acting Commissioner.[3] Nothing more need be said on this point.

Additionally, Plaintiff attempts to repackage other arguments already addressed by this Court and Judge Reeves. Plaintiff contends that (1) the agency's reopening regulations govern the redetermination process under sections 205(u)[4] and 1631(e)(7), and (2) the agency violated the Social Security Act's requirement that redetermination hearings be initiated "immediately" upon there being a reason to believe fraud or similar fault was involved in Plaintiff's original application for benefits. These arguments require no further discussion, as they have already been rejected by this Court in *Perkins*, 7:16-cv-35, and *Thompson*, 0:16-cv-62, and by Judge Reeves in 0:16-017-DCR, 0:16-061-DCR, 7:16-051-DCR,

---

[4] Plaintiff uses the statutory citation, 42 U.S.C. § 405(u).

7:16-059-DCR, 7:16-068-DCR, 7:16-075-DCR, 7:16-101-DCR, and 7:16-153-DCR.

Finally, Plaintiff argues Defendant utilized HALLEX I-1-3-25 as the guideline for the procedures used in his redetermination procedure, and that those procedures constitute violations of the Administrative Procedure Act, and should not be subject to *Chevron* deference. The Court believes these arguments have all been thoroughly analyzed and rejected in the cases cited above; to any possibly extent they have not, the Court finds them unconvincing. As the Sixth Circuit stated in *Garcia v. Sec'y of Health & Human Servs.*, 46 F.3d 552, 557 (6th Cir. 1995), "[a]lthough social security rulings do not have the force or effect of law, we are persuaded that *Chevron* [deference] applies to social security rulings insofar as the rulings directly involve construction of the statute." As previously briefed, the agency's interpretation of 42 U.S.C. §§ 405(u), 1320a-8(l), and 1383(e)(7) is entitled to deference.

Accordingly, for the reasons stated herein,

**IT IS ORDERED** that the Acting Commissioner's Motion for Summary Judgment (DE 16) is **GRANTED**.

This the 29th day of September, 2017.

7



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge